OPINION
{¶ 1} Appellant, Nataraja G., appeals the decision of the Warren County Court of Common Pleas, Juvenile Division, granting permanent custody of her minor child to appellee, Warren County Children Services ("WCCS").
 {¶ 2} Appellant is the biological mother of NT., and the child's father is not a party to *Page 2 
this appeal. WCCS filed a complaint on October 13, 2005, after the child, who was six years old at the time, was found in the common area of appellant's apartment complex without parental supervision on October 12, 2005. Appellant was arrested, charged with endangering children and drug related offenses, and incarcerated. Following an emergency shelter care hearing, the juvenile court awarded emergency temporary custody of the child to WCCS. On November 10, 2005, WCCS filed a case plan for reunifying the child with appellant, and the juvenile court approved the case plan on November 21, 2005.
 {¶ 3} On December 13, 2005, the juvenile court adjudicated the child dependent. On December 28, 2005, the juvenile court granted temporary custody of the child to WCCS. On September 14, 2007, WCCS filed a motion seeking permanent custody of the child, alleging that granting WCCS permanent custody of the child is in her best interest, and that her parents have failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the home. On December 17, 2007, the juvenile court held a hearing on WCCS's motion for permanent custody, and on December 26, 2007, the juvenile court granted the motion. Appellant appeals the juvenile court's decision, raising the following assignment of error:
 {¶ 4} "MOTHER'S RIGHT TO COUNSEL WAS VIOLATED IN THE HANDLING OF THE CASE PLANS."
 {¶ 5} In her assignment of error, appellant argues that it was error for the juvenile court to consider her failure to complete the case plan because she was not afforded the opportunity to consult with her attorney regarding the case plan or amended case plans before the plans were adopted by the juvenile court. Appellant maintains that because her counsel did not receive copies of the case plans for review, her right to counsel pursuant to R.C. 2151.352 and Juv. R. 4 has been violated.
 {¶ 6} After reviewing the record, we find that appellant neither objected to the *Page 3 
adoption of the case plan or amended case plans on this basis, nor did she otherwise raise this issue at any point in the proceedings below. Accordingly, appellant has not properly preserved this alleged error, and has waived it for purposes of appellate review. See In re J.J., 111 Ohio St.3d 205, 2006-Ohio-5484, ¶ 16. Further, appellant has failed to present any evidence that her counsel was prevented in any way from reviewing these plans before she signed them or before they were adopted by the juvenile court.
 {¶ 7} Moreover, appellant has failed to show how she has been prejudiced by this alleged error. The juvenile court's decision indicates that appellant's failure to comply with case plan requirements is one of many factors the court considered in granting permanent custody of the child to WCCS. Further, there is nothing in appellant's testimony at the permanent custody hearing to indicate that she did not understand the requirements of the case plan.
 {¶ 8} Appellant's assignment of error is overruled.
 {¶ 9} Judgment affirmed.
 WALSH, P.J., and YOUNG, J., concur. *Page 1